IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>KENNETH TAGGART | CIVIL ACTION<br>NO. 15-mc-255 |

**PAPPERT, J.**                                                                                           June 29, 2016

## MEMORANDUM

In June of 2008 Kenneth Taggart ("Taggart") applied for and received a $658,648.00 mortgage insured by the Department of Housing and Urban Development ("HUD") for a property at 521 Cowpath Road in Telford, Pennsylvania.  Federal law requires any HUD insured mortgage to be for the primary or secondary residence of the person receiving the mortgage.  Taggart's mortgage specifically required him to "occupy . . . the property as [his] principal residence within sixty days after the execution" of the mortgage and to "continue to occupy the property as [his] principal residence for at least one year after the date of occupancy."  (ECF No. 1, Ex. C at 15.)

Subsequent to Taggart obtaining the mortgage, he stated in an unrelated lawsuit, *Taggart v. Wells Fargo Home Mortg., Inc.*, No. 10-cv-00843, 2010 WL 3679091, at *1 (E.D. Pa. Sept. 27, 2010), that 709 Schwab Road in Hatfield, Pennsylvania was his primary residence.  (ECF No. 5 at 13.)  That led the United States ("the Government") to investigate, pursuant to the False Claims Act, 31 U.S.C. Section 3729, *et seq.*, whether 521 Cowpath Road was his primary residence.  As part of that investigation, the Government served upon Taggart two Civil Investigative Demands ("CIDs") requiring him to produce documents relating to the HUD insured mortgage and to appear for a deposition.

1

I.

On November 11, 2015 Taggart filed a *pro se* petition under seal to quash or modify the Government's CIDs. (ECF No. 1.) The Government responded to Taggart's motion and filed its own motion for summary enforcement of the CIDs on December 11, 2015. (ECF No. 5.) After obtaining counsel on December 24, 2015, Taggart filed a motion to stay the proceedings for 90 days. (ECF Nos. 6–7.) The Court scheduled an April 11, 2016 telephone conference with the parties to discuss the three pending motions. (ECF Nos. 8, 10.) Following the telephone conference, the Court issued an Order which in relevant part ordered production of the documents requested by the Government on or before April 15, 2016 and also ordered Taggart to appear for a deposition on April 25, 2016.[1] (ECF No. 9.)

The documents Taggart produced to the Government did "not clearly confirm what properties were rented and what properties were not rented or where Mr. Taggart was living during the relevant year." (Def.'s Resp. at 2, ECF No. 14.) The documents did reveal that Taggart is a customer of TD Bank. (*Id.*) The Government therefore issued a third CID to TD Bank "in an attempt to obtain information concerning where Mr. Taggart was actually living during the relevant year, the rental of 521 Cowpath Road (the property for which the mortgage was obtained), and the information about the other properties owned by Mr. Taggart (where he may have lived during the relevant year)." (*Id.*) The TD Bank CID requests, among other things, Taggart's deposit and withdrawal slips. (Pet'r's Mot., Ex. A at 1, ECF No. 11.)

Before the Court is Taggart's May 23, 2016 Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act ("RFPA") of 1978, 12 U.S.C. Section

---

[1] Taggart has yet to be deposed. (Pet'r's Mot. at 5 n.2, ECF No. 11) His deposition is scheduled for July 13, 2016. (Oral Arg., ECF No. 17.)

3410.  (Pet'r's Mot., ECF No. 11.)  Taggart's motion seeks to prevent the Government from obtaining the financial records requested from TD Bank.  (*Id.* at 1.)  The Government responded to the motion on June 3, 2016, Taggart replied on June 13 and the Court heard oral argument on June 27.  (ECF Nos. 14–17.)  For the following reasons, the Court denies the motion.

## II.

Taggart obtained his HUD insured mortgage for the 521 Cowpath Road property pursuant to the National Housing Act of 1934, 12 U.S.C. Section 1709.  Under the Act, HUD "may insure a mortgage . . . only if the mortgagor is to occupy the dwelling as his or her principal residence or as a secondary residence, as determined by the Secretary."  12 U.S.C. § 1709(g)(1).  If Taggart submitted or caused the submission of false claims in connection with his HUD insured mortgage, he may be liable under the False Claims Act.  (ECF No. 5 at 13–14.)  The Government has the authority under 31 U.S.C. Section 3733(a)(1) to issue CIDs to investigate Taggart's conduct as it pertains to the HUD insured mortgage.

Taggart's motion argues that the TD Bank CID constitutes a "fishing expedition" and is "oppressive because it seeks to compel production of privacy records" which impinges Taggart's "right to privacy."  (Pet'r's Mot. at 8–9.)  Specifically, Taggart relies on the RFPA which states that "no Government may have access to or obtain copies of, or the information contained in the financial records of any customer from a financial institution unless the financial records are reasonably described and . . . such financial records are disclosed in response to an administrative subpoena or summons which meets the requirements of section 3405 of this title . . . ."  12 U.S.C. § 3402.  The requirements of Section 3405 are met if, among other things, "there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry."  12 U.S.C. § 3405.  If the Court finds that "there is a demonstrable reason to believe

3

that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry," it "shall" deny Taggart's motion.  12 U.S.C. § 3410(c).

### III.

The Court has already found, and Taggart does not contest, that the Government's investigation is a legitimate law enforcement inquiry.  (Pet'r's Mot. at 10 n.12.)  Taggart challenges "only the provision [of the statute] requiring relevance to a legitimate law enforcement inquiry."  (*Id.*)  The records and information sought by the CID served on TD Bank are relevant to a legitimate law enforcement inquiry.  The Government is attempting to determine whether Taggart used 521 Cowpath Road as his primary residence for at least one year.  The information sought may allow the Government to trace deposits into and out of Taggart's account to determine if he was receiving rent payments from tenants at 521 Cowpath Road and/or if he was using money from the account to pay for another property as his primary residence, in particular 709 Schwab Road.  (Def.'s Resp. at 4.)

An appropriate Order follows.


BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.