**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | CIVIL ACTION |
| KENNETH TAGGART | NO. 15-mc-255 |

**PAPPERT, J.**                                                                                   **July 19, 2016**

## MEMORANDUM

Kenneth Taggart ("Taggart") filed a Motion for Stay pending his appeal of the Court's June 29, 2016 denial of Taggart's May 23, 2016 Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act ("RFPA"). The Motion for Stay is denied.

## I.

On November 11, 2015, Taggart, acting *pro se*, filed a petition under seal to quash or modify two Civil Investigative Demands ("CIDs") issued by the United States ("the Government"). (ECF No. 1.) The CIDs required Taggart to produce documents relating to a June 2008 Department of Housing and Urban Development ("HUD") mortgage that Taggart applied for and received for a property at 521 Cowpath Road in Telford, Pennsylvania. The CIDs also required Taggart to appear for a deposition. (*Id.*) The Government's CIDs pertain to its investigation, under the False Claims Act, 31 U.S.C. Section 3729, *et seq.*, into whether the Cowpath Road property was Taggart's primary residence, which was a condition of the HUD insured mortgage. (ECF No. 1, Ex. C at 15.)

On December 24, 2015 Angela Halim, Esquire ("Halim") entered her appearance for Taggart and filed on his behalf a motion to stay the proceedings for 90 days. (ECF Nos. 6–7.) Following a telephone conference with all counsel on April 11, 2016, the Court issued an Order

which denied Taggart's motion to stay and ordered production of the documents requested by the Government on or before April 15, 2016.  The Court also ordered Taggart to appear for a deposition which has been rescheduled at least twice and is now set to occur on July 27, 2016. (ECF Nos. 9, 24.)

The Government subsequently issued a third CID to TD Bank, which Taggart again opposed in his Motion for Order.  (ECF No. 11.)  After hearing oral argument, the Court denied the Motion.  (ECF Nos. 17–19.)  On July 6, Taggart, now represented by Joshua Thomas, Esquire ("Thomas"), filed an appeal of that decision (ECF Nos. 20, 22) and the subject Motion for Stay pending his appeal.  (Pet'r's Mot., ECF No. 21.)[1]  The Government responded on July 13, 2016.  (Def.'s Resp., ECF No. 25.)

## II.

The power to temporarily stay proceedings lies within the sound discretion of the district court.  *See Nicholas v. Wyndham Int'l, Inc.*, 149 F. App'x 79, 81 (3d Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.")).

The proponent of a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else."  *Landis*, 299 U.S. at 255.  The party seeking a stay also "bears the burden of establishing its need."  *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255); *see also CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 139 (3d

---

[1]  On July 11 Taggart, Halim and Thomas filed a "Consent Order Granting Substitution of Attorney" pursuant to which Thomas replaced Halim as Taggart's attorney.  (ECF No. 23.)

Cir. 2004) ("The opposing party must state a clear countervailing interest to abridge a party's right to litigate.").  When deciding a motion to stay proceedings pending the resolution of another action in federal court, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Nken v. Holder*, 556 U.S. 418, 434 (2009); *see also King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, 06-cv-1797, 2015 WL 9244638, at *3 (E.D. Pa. Dec. 17, 2015).

## III.

Taggart has not made any showing, much less a strong one, that he is likely to succeed on appeal.  Taggart obtained his HUD insured mortgage pursuant to the National Housing Act of 1934, 12 U.S.C. Section 1709.  Under the Act, HUD "may insure a mortgage . . . only if the mortgagor is to occupy the dwelling as his or her principal residence or as a secondary residence, as determined by the Secretary."  12 U.S.C. § 1709(g)(1).  If Taggart submitted false claims in connection with his HUD insured mortgage, he may be liable under the False Claims Act.  The Government has the authority under 31 U.S.C. Section 3733(a)(1) to issue CIDs to investigate Taggart's conduct in regard to the HUD insured mortgage.  The Court has stated this in two separate Orders on April 11, 2016 and June 29, 2016.  (ECF Nos. 9, 19.)  Taggart now appeals the latter decision.

The RFPA states, in relevant part, that "no Government may have access to or obtain copies of, or the information contained in the financial records of any customer from a financial institution unless the financial records are reasonably described and . . . such financial records are disclosed in response to an administrative subpoena or summons which meets the

requirements of section 3405 of this title . . . ." 12 U.S.C. § 3402. The requirements of Section 3405 are met if, among other things, "there is reason to believe that the records are relevant to a legitimate law enforcement inquiry." 12 U.S.C. § 3405. If the Court finds that "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry," it "shall" deny Taggart's Motion for Order. 12 U.S.C. § 3410(c).

As the Court found on April 11, 2016 and again on June 29, 2016, the Government's investigation is a legitimate law enforcement inquiry. Taggart did not contest this in his Motion for Order. (ECF No. 11 at 10 n.12.) He challenged "only the provision [of the statute] requiring relevance to a legitimate law enforcement inquiry." (*Id.* at 10.) The Court found that the records and information sought by the TD Bank CID were relevant to a legitimate law enforcement inquiry. The Government's investigation centers on whether Taggart used 521 Cowpath Road as his primary residence for at least one year. The information sought by the TD Bank CID may allow the Government to trace deposits into and out of Taggart's account to determine if he was receiving rent payments from tenants at 521 Cowpath Road and/or if he was using money from the account to pay for another property as his residence.

Taggart's Motion for Stay advances two separate arguments as to why a stay should be granted. Neither relates to the subject of Taggart's pending appeal—the Court's June 29, 2016 decision. First, Taggart argues that the mortgage occupancy requirement was "waived, or deleted as a mortgage requirement as clearly provided in the language of the mortgage." (Pet'r's Mot. at 5.) The HUD insured mortgage specifically required Taggart to "occupy . . . the property as [his] principal residence within sixty days after the execution" of the mortgage and to "continue to occupy the property as [his] principal residence for at least one year after the date of

4

occupancy." (ECF No. 1, Ex. C at 15.) Taggart contends a "1-4 Family Rider," which he attached with the mortgage to his motion to quash or modify the initial CIDs, eliminates the mortgage's occupancy requirement. The Rider is undated and signed only by Taggart. (ECF No. 1, Ex. at 22–24.) Moreover, its relation and/or relevance to the HUD insured mortgage is unclear. (*Id.*)

Taggart also argues, for the first time, that the limitations period in which the Government may bring a False Claims Act case against him has expired. 31 U.S.C. Section 3731(b) states that:

> A civil action under section 3730 may not be brought—
>
> (1) more than 6 years after the date on which the violation of section 3729 is committed, or
>
> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,
>
> Whichever occurs last.

31 U.S.C. § 3731(b)(1)-(2). Taggart applied for and received the HUD insured mortgage for the Cowpath property in June of 2008. (ECF No. 5 at 13.) In a subsequent, an unrelated lawsuit he took the position that 709 Schwab Road in Hatfield, Pennsylvania was his primary residence. *See Taggart v. Wells Fargo Home Mortg., Inc.*, No. 10-cv-00843, 2010 WL 3679091, at *1 (E.D. Pa. Sept. 27, 2010). Taggart's allegation in that suit led the Government to begin this investigation because "it appears that within 6 months of applying for the HUD insured mortgage at 521 Cowpath Road, Taggart declared a different property as his primary residence." (ECF No. 5 at 13.) The Court has no current basis upon which to adjudicate any statute of limitations issues. In any event, such a determination would be premature in the pre-complaint investigation

phase.  Should the Government file a civil action against Taggart, he may assert such a defense at that time.

Taggart has proffered no evidence that he will be "irreparably injured" absent a stay and any such stay would delay and inhibit the Government's investigation.  The public interest lies in allowing the Government to complete that investigation.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.